IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ARTIS LEON POLK, JR., #811901, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 3:03-CV-2330-G |
| | ) | |
| DOUGLAS DRETKE, Director, Texas | ) | |
| Department of Criminal Justice, Correctional | ) | |
| Institutions Division, | ) | |
| Respondent. | ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), implemented by an order of the United States District Court for the Northern District of Texas.   The Findings, Conclusions and Recommendation of the Magistrate Judge follow.

**I.     Background**

On November 3, 1997, Petitioner Artis Leon Polk, Jr. ("Petitioner") was convicted in Dallas County Cause No. 597-34778-WR of aggravated robbery, enhanced by the use of a deadly weapon. *Polk v. State*, 1999 WL 326283 (Tex. App.–Dallas 1999, pet. ref'd)  (Fed. Pet. at 2.)  The trial court sentenced him to fifteen years in prison   (*Id*.)  The Texas Fifth District Court of Appeals affirmed his conviction on May 25, 1999. (*Id*. at 3.)  On September 8, 1999, the Texas Court of Criminal Appeals denied his petition for discretionary review. (*Id*.)  The conviction therefore became final ninety days later, on December 8, 1999.  *See* SUP. CT. R. 13; *see also Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003) (holding that state conviction becomes final for limitation purposes when time for seeking further direct review expires,

irrespective of when the appellate court issues the mandate).  This Court noted that the one-year statute of limitations appears to bar consideration on the merits in this case.  Therefore, the Court granted Petitioner the opportunity to file a response showing cause why the Court should not dismiss his petition.  On November 14, 2003, Petitioner filed a response.  The Court now finds that the petition is time-barred and that equitable tolling is not warranted.

**II.     Discussion**

**A.     Statute of Limitations**

Petitioner filed his petition for writ of habeas corpus after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  Therefore, the AEDPA governs the present petition.  *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997).  The AEDPA establishes a one-year statute of limitations for federal habeas corpus proceedings.  *See* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996).   In most cases, as in this one, the limitation period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired.  *See* 28 U.S.C. § 2244(d)(1)(A).[1]

---

[1] The statute provides that the limitations period shall run from the latest of--

>   (A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;
>
>   (B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the

This period is tolled while a properly filed motion for state post-conviction relief or other collateral review is pending. *Id.* § 2244(d)(2). The one-year limitation period is also subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998).

Petitioner's conviction became final on December 8, 1999, ninety days after his petition for discretionary review was refused. Petitioner then had one year from December 8, 1999, or until December 8, 2000, to file his federal habeas petition. *See* 28 U.S.C. § 2244(d). On September 27, 2000, Petitioner filed a federal petition for writ of habeas corpus, but the District Court dismissed it without prejudice because Petitioner failed to exhaust his state court remedies. *Polk v. Johnson*, No. 3:00-CV-2112-L (N.D. Tex. Mar 30, 2001). The limitation period is not tolled while a federal petition for writ of habeas corpus is pending. *Duncan v. Walker*, 533 U.S. 167, 181 (2001). Ordinarily, the filing of a state habeas corpus application tolls the limitation period. *See* 28 U.S.C. § 2244(d)(2). However, Petitioner did not file his state habeas application until June 6, 2003, after the limitation period expired. Therefore, his state application did not toll the statute of limitations.

Petitioner had to file his § 2254 petition on or before December 8, 2000, to avoid the time-bar. He did not file his petition until October 2, 2003. His petition is untimely.

**B.     Equitable Tolling**

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis*, 158 F.3d at 811; *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999)

---

exercise of due diligence.

28 U.S.C. § 2244(d)(1).

(asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)).  " 'Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir.1996)).  Petitioner bears the burden of proof to show that he is entitled to equitable tolling.  *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Petitioner argues that he is entitled to equitable tolling because he filed several motions and letters addressed to the trial court, court clerk, stenographer, the District Clerk and trial counsel requesting copies of evidence which were not included in the record on appeal.  (Resp. at 1-2.)  Petitioner contends he never received any answers to those requests.  (*Id*.)  A petitioner is not entitled to an extended delay while he gathers every scrap of evidence that might support his claim.  *See Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir. 1998). Petitioner has not shown that he could not have pursued his remedies diligently without this evidence.

Petitioner claims that in May of 2000, he was transferred to a high security unit where his important papers were destroyed and his right hand was injured.  (Resp. at 3.)  Petitioner contends that he should be granted equitable tolling because "the permanent disfigurement of his right hand was beyond his control." (*Id*.)  The Court notes that Petitioner was able to file a federal habeas corpus petition on September 27, 2000, which was before the statute of limitations expired.  However, he had not exercised due diligence by exhausting his state court remedies before he filed that petition.  Petitioner has not shown that he diligently pursued his habeas corpus remedies.  *See Coleman,* 184 F.3d at 402 (5th Cir. 1999).  He could have filed his

4

state habeas application without the evidence he was waiting for and exhausted his state court remedies before filing his first federal habeas corpus petition. Neither a petitioner's unfamiliarity with the legal process, nor his ignorance of the law merits equitable tolling. *See Turner v. Johnson*, 177 F.3d 390, 291 (5th Cir. 1999).

Petitioner argues that in May of 2000, he was placed on an indefinite law library restriction for a law library infraction. (Resp. at 4). He claims that this lack of access to the law library was a circumstance beyond his control that should toll the limitation period. Petitioner managed to file a federal habeas petition on September 27, 2000, thus demonstrating that the law library restriction did not prevent him from filing a timely federal habeas corpus petition before the limitation period expired. Moreover, Petitioner has not shown that he would have filed a timely, procedurally correct petition if his access to the law library had not been limited. An inadequate law library in itself is not a "rare and exceptional" circumstance that warrants equitable tolling of the AEDPA limitation period. *See Scott v. Johnson,* 227 F.3d 260, 263 & n. 3 (5th Cir. 2000); *Felder v. Johnson,* 204 F.3d 168, 171 (5th Cir. 2000). Petitioner failed to show rare and exceptional circumstances that would justify equitable tolling in this case.

**III**.   **Recommendation**

The Court recommends that the District Court dismiss the petition for a writ of habeas

corpus with prejudice as barred by the one-year statute of limitations.  *See* 28 U.S.C. §2244(d).

     Signed this 27 day of September, 2005.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO OBJECT

The United States District Clerk shall serve a copy of these findings and recommendations on the parties. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings and recommendations must file and serve written objections within ten (10) days after being served with a copy. A party filing objections must specifically identify those findings and recommendations to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. The failure to file such written objections to these proposed findings and recommendations shall bar that party from a *de novo* determination by the district court. *See Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 472 (1985). Additionally, the failure to file written objections to proposed findings and recommendations within ten (10) days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996)(en banc).

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE